**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EUGENE L. BOSS, JR.,

        Plaintiff,                                 Case No. 10-14521

v.                                            District Judge Arthur J. Tarnow

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Mona K. Majzoub

        Defendant.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [14],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [10], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT [12]</u>**

      Before the Court are Plaintiff's Motion for Summary Judgment [10] and Defendant's Motion for Summary Judgment [12]. On August 22, 2011, Magistrate Judge Majzoub issued a Report and Recommendation [14] recommending that the Plaintiff's motion be DENIED and that Defendant's motion be GRANTED. Plaintiff filed an Objection [15]. The Government filed a Response [16].

**INTRODUCTION**

      This Social Security case arises out of a claim for disability insurance benefits by Plaintiff, Eugene Leroy Boss, Jr., who is impaired by, *inter alia*, a depressive disorder, borderline intellectual functioning, and obesity. The Administrative Law Judge (ALJ) found that despite non-exertional impairments, Plaintiff retains the residual functional capacity for medium work activity subject to certain conditions. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this action for judicial review of the denial of benefits on March 31, 2011. The parties field motions for summary judgment.

      On August 22, 2011, Magistrate Judge Majzoub filed a Report & Recommendation (R&R) in this matter. The R&R recommends that Plaintiff's motion for summary judgment be denied and

that Defendant's motion for summary judgment be granted because substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained residual functional capacity.

Plaintiff filed an objection to the Magistrate Judge's R&R. Plaintiff argues that the ALJ erred in weighing the evidence. This Court disagrees and adopts the R&R for the reasons set forth below.

## ANALYSIS

The scope of judicial review is limited to determining whether the findings of fact made by the Secretary are supported by substantial evidence, and deciding whether the Secretary employed the proper legal criteria in reaching those findings.

*Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (citing *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653 (6th Cir. 1982)).

Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Richardson v. Perales*, 402 U.S. 289, 401 (1971). This Court does not have authority to reweigh factual evidence or decide issues of credibility. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992); *Brainard v. Sec'y of Health and Human Servs*., 889 F.2d 679, 681 (6th Cir. 1989) (internal citation omitted). The Court must affirm an ALJ's decision if the finding and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Plaintiff argues that Nurse Sethi's opinion should have been given more weight. Again, this Court does not have the authority to reweigh factual evidence. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). So long as the ALJ's decision to deny Plaintiff benefits is supported by

2

substantial evidence in the record, this court must affirm. While the ALJ considered Nurse Sethi's opinion, there was substantial evidence in the record to reach the conclusion that Plaintiff retains the residual functional capacity for medium work activity.

The ALJ relied on Nurse Sethi's progress notes which showed that Plaintiff responded well to medication and that his overall status improved over time. (TR at 301, 306). Plaintiff's argument relies heavily on a comment Nurse Sethi's made in February 27, 2009 that Plaintiff was unable to sustain regular employment. However, the ALJ found Nurse Sethi's comment unsupported by the clinical evidence in the record. For example, the Community Mental Health Examiners's records prescribed Plaintiff's mental status as constant and unchanging. (TR at 289-290). The ALJ also noted that Plaintiff responded well to medication. There is substantial evidence in the record to support the ALJ's opinion in denying Plaintiff social security benefits.

Plaintiff also objects to ALJ's reliance on GAF (Global Assessment of Functioning scores) assessed by Nurse Sethi. The ALJ found Nurse Sethi's opinion of Plaintiff contradictory because she assessed Plaintiff increasing GAF scores while commenting that Plaintiff was unable to sustain regular employment. Plaintiff argues that neither the Commissioner nor the Sixth Circuit endorse the use of GAF scores to assess mental disability. Plaintiff is mistaken. While GAF scores are not dispositive and do not constitute "raw medical data" courts have ruled that the ALJ may use GAF scores in determining a Plaintiff's residual functional capacity. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 503 (6th Cir. 2006). In this case the ALJ properly relied on GAF scores in reaching the determination that Plaintiff was logical, goal oriented, has somewhat concrete thoughts, and that his mood was improving.

## CONCLUSION

Based on the foregoing analysis, the Court hereby **ADOPTS** the Report and Recommendation [14] as the findings and conclusions of the Court. Therefore,

**IT IS ORDERED** that Plaintiff's Objection [15] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [12] is **GRANTED**.

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            ARTHUR J. TARNOW
                                            SENIOR U.S. DISTRICT JUDGE

Dated: December 21, 2011

---

## CERTIFICATE OF SERVICE

I hereby certify on December 21, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 21, 2011: **None.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            District Judge Arthur J. Tarnow
                                            (313) 234-5182